IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| ROGER BARONE, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| V. | § | No. 3:26-cv-2920-S-BN |
| | § | |
| YAZAM, INC. d/b/a EMPOWER and CHECKR, INC., | § | |
| | § | |
| | § | |
| Defendants. | § | |

**MEMORANDUM OPINION AND ORDER REGARDING SUBJECT MATTER JURISDICTION AND REQUIRING BRIEFING**

Your case doesn't belong here. Or, more precisely, your case probably doesn't belong in federal court.

Of course, plenty of cases are properly filed in or removed to federal court. But that opening line is a rather casual (and somewhat overstated and overinclusive) way to express the core principles that "[f]ederal courts are courts of limited jurisdiction" and "possess only that power authorized by Constitution and statute" and that "[i]t is to be presumed that a [suit] lies outside this limited jurisdiction." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994).

Several more rules and requirements follow from this:

- "[T]he burden of establishing the contrary rests upon the party asserting jurisdiction." *Id.* That is, "the plaintiff constantly bears the burden of proof that jurisdiction does in fact exist" in any case originally filed in federal court. *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001) (per curiam) (cleaned up). And, in a case removed from state court,

the removing party bears the burden of establishing jurisdiction. *See Miller v. Diamond Shamrock Co.*, 275 F.3d 414, 417 (5th Cir. 2001).

- Because federal jurisdiction is not assumed, "the basis upon which jurisdiction depends must be alleged affirmatively and distinctly and cannot be established argumentatively or by mere inference." *Getty Oil Corp. v. Ins. Co. of N.A.*, 841 F.2d 1254, 1259 (5th Cir. 1988).
- "Without jurisdiction [a federal] court cannot proceed at all in any cause." *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 94 (1998) (cleaned up). So, "jurisdiction [must] be established as a threshold matter" in any case filed in or removed to federal court, which requirement "spring[s] from the nature and limits of the judicial power of the United States and is inflexible and without exception." *Id.* at 94-95 (cleaned up). And "[f]ederal courts must determine that they have jurisdiction before proceeding to the merits." *Lance v. Coffman*, 549 U.S. 437, 439 (2007). "For a court to pronounce upon [the merits] when it has no jurisdiction to do so … is ... for a court to act ultra vires." *Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 583 (1999) (cleaned up).
- As a result, any federal court has an independent duty to ensure that there is subject-matter jurisdiction. *See id.* at 583-84. "A defect in the district court's subject matter jurisdiction ... may be raised at any time by the parties or the court itself and cannot be waived." *Hayes v. Gulf Oil Corp.*, 821 F.2d 285, 290-91 (5th Cir. 1987).

- And, "[i]f the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss" an action that was originally filed in federal court. FED. R. CIV. P. 12(h)(3). And, in a case that was removed from state court, "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c). And, so, for "removals that are defective because of lack of subject matter jurisdiction," "remand may take place without such a motion and at any time." *Wisconsin Dep't of Corr. v. Schacht*, 524 U.S. 381, 392 (1998) (cleaned up).
- Likewise, statutes that authorize removal are meant to be strictly construed, and any doubt as to the propriety of removal should be resolved in favor of remand. *See Hood ex rel. Miss. v. JP Morgan Chase & Co.*, 737 F.3d 78, 89 (5th Cir. 2013); *In re Hot-Hed Inc.*, 477 F.3d 320, 323 (5th Cir. 2007).

Considering these principles, rules, and requirements, Defendant Checkr, Inc. removed this lawsuit that Plaintiff Roger Barone filed in a Dallas County, Texas state court because it includes claims arising under a federal statute, the Fair Credit Reporting Act ("FCRA") – and, so, the Court has subject matter jurisdiction under 28 U.S.C. § 1331 – and, according to Checkr, the requirements for diversity subject matter jurisdiction under 28 U.S.C. § 1332 are met. *See* Dkt. No. 1.

Checkr further asserts that, because Defendant Yazam, Inc. d/b/a Empower ("Empower") has not been served, it need not consent; regardless, Empower does

consent. *See id.*, ¶¶ 57-60; Dkt. No. 1-19; *Bailey v. Blue Cross & Blue Shield of Tex.*, 504 F. Supp. 3d 591, 594 (S.D. Tex. 2020) ("To effectuate proper removal, 'all defendants who have been properly joined and served must join in or consent to the removal of the action.'" (quoting 28 U.S.C. § 1446(b)(2)(A))).

Three days after removal, Barone filed a motion that does not assert that this whole lawsuit should return to state court but does request that the Court (1) determine that diversity subject matter jurisdiction has not been established and (2) sever and remand the state-law claims. *See* Dkt. No. 5.

To be sure, Barone "does not contest that Counts 1-4 [alleging violations of the FCRA] arise under federal law and does not seek remand of those claims." *Id.* at 1.

So Barone admits that removal was proper under Section 1331.

And the undersigned has examined those allegations under the Court's duty to police its subject matter jurisdiction and cannot find that the alleged federal law violations qualify as frivolous or insubstantial to the extent that no federal claim appears on the face of the complaint, such that the Court would lack jurisdiction under Section 1331. *See Copeland v. E*Trade Cap. Mgmt., L.L.C.*, No. 24-10658, 2025 WL 66732, at *2 (5th Cir. Jan. 10, 2025) (per curiam) ("[W]hen a federal claim appears on the face of the complaint, dismissal for lack of subject matter jurisdiction is only proper in the case of a frivolous or insubstantial claim, i.e., a claim which has no plausible foundation or which is clearly foreclosed by a prior [United States] Supreme Court decision." (cleaned up)).

Which means that Section 1331, as an "independent basis of subject matter

jurisdiction," allows for supplemental jurisdiction under 28 U.S.C. § 1367 for purely state-law claims. *Atkins v. Propst*, No. 22-10609, 2023 WL 2658852, at *2 (5th Cir. Mar. 28, 2023) (per curiam) (citing *Arena v. Graybar Elec. Co., Inc.*, 669 F.3d 214 (5th Cir. 2012)).

And, so, the Court need not determine whether diversity subject matter jurisdiction has also been shown. One independent basis for subject matter jurisdiction is enough.

But, "[e]ven if the Court has the power to assert supplemental jurisdiction over a party's state-law claims, '[t]hat power need not be exercised in every case in which it is found to exist.'" *Inge v. Walker*, No. 3:16-cv-42-B, 2016 WL 4920288, at *5 (N.D. Tex. Sept. 15, 2016) (quoting *United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 726 (1966)).

So "a district court 'may decline to exercise supplemental jurisdiction over a claim under' 28 U.S.C. § 1367(a) under certain circumstances." *Gomez v. NTX Auto Grp. Inc.*, No. 3:24-cv-28-BN, 2024 WL 991600, at *4 (N.D. Tex. Mar. 6, 2024) (quoting 28 U.S.C. § 1367(c)).

But "Section 1367(c) 'is discretionary, and it permits the Court to remand only claims over which it would not have an independent basis for jurisdiction, such as jurisdiction based on diversity of citizenship or a federal question.'" *Id.* (quoting *Green v. JPMorgan Chase Bank, N.A.*, No. 3:11-cv-1498-N, 2012 WL 12823699, at *4 n.12 (N.D. Tex. Feb. 9, 2012)).

To determine whether "to relinquish jurisdiction over pendent state law

claims, [courts] look to the statutory factors set forth by 28 U.S.C. § 1367(c), and to the common law factors of judicial economy, convenience, fairness, and comity." *Enochs v. Lampasas Cnty.*, 641 F.3d 155, 158-159 (5th Cir. 2011) (citations omitted).

"[N]o single factor is dispositive." *Id.* (quoting *Mendoza v. Murphy*, 532 F.3d 342, 346 (5th Cir. 2008)).

And courts should "guard against improper forum manipulation." *Id.* (citation omitted).

The Court will therefore require briefing on Barone's alternative request to break up this lawsuit and send certain claims back to state court. Defendants must file a brief limited to 15 pages by **September 17, 2026**. And Barone must file a reply brief limited to 10 pages by **September 24, 2026**.

Still, on first review, this request seems far-fetched at least because "the same acts which allegedly form the basis of [Barone's] state law claims also form the basis of [Barone's] federal law cause[s] of action," *K&F Rest. Holdings, Ltd. v. Rouse*, Civ. A. No. 16-293-SDD-EWD, 2016 WL 6901375, at *6 (M.D. La. Sept. 22, 2016) (cleaned up), *rec. adopted*, 2016 WL 6897795 (M.D. La. Nov. 22, 2016), where, for example, Barone's state court petition sets out a factual background common to all counts, *see* Dkt. No. 1-3 at 3-4, and then in the first paragraph under each substantive count "incorporates the preceding allegations," *id.* at 4-6; *see Inge*, 2016 WL 4920288, at *7 ("As a corollary to § 1367's multi-factor supplemental jurisdiction test, courts are prohibited from splitting apart claims that are too closely interconnected when remanding part of a case to state court, even though they may generally split claims

arising from the same nucleus of operative facts." (cleaned up)); *Gomez*, 2024 WL 991600, at *4 ("[E]ven if this court found that [Gomez's] state law claims did substantially predominate, it finds it would be improper to sever such closely interconnected claims." (quoting *K&F Rest.*, 2016 WL 6901375, at *6)).

SO ORDERED.

DATE: September 3, 2026

DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE